## Glisson v. Carlin

*Allen R. Keely,* for plaintiff.

*Marlyn F. Smith,* for defendants.

SMILLIE, J., April 17, 1964.—In a trespass action brought to recover for personal injury and property damage sustained as a result of a collision between a car owned and operated by Glisson, plaintiff, and a fire truck belong to defendant Borough of Norristown, plaintiff seeks to compel defendant borough to produce certain statements of witnesses, measurements and a photograph of the accident scene. The borough opposed the motion on the ground that under Rule 4011 (d) of the Pennsylvania Rules of Civil Procedure it could not be required to produce these documents for inspection.

The accident involved in this case occurred on December 5, 1961, and suit was commenced by a complaint filed May 31, 1962. The police officers making the usual investigation at the scene of the collision submitted a handwritten report the same day. The desk sergeant then took the information contained in the

handwritten report and used it to prepare a typewritten report to the chief of police. Later the borough council directed the chief of police on December 21, 1961, to make a detailed report of the accident. The report was directed to be submitted to the secretary of the borough on or before January 28, 1962. Pursuant to this order, the police department made further investigation which included the taking of statements of witnesses to the accident, making measurements, and taking photographs of the accident scene, and subsequently made its report to the borough. It is these statements, measurements, and photographs for inspection which plaintiff seeks to compel the borough to produce for him.

Plaintiff's argument is two-fold; first, that since the investigation and the preparation of the documents in question was made by public officials upon a public payroll, plaintiff, as a citizen and taxpayer, has right to the examination of documents prepared by his government; and, secondly, that the investigation was not conducted and the documents were not prepared "in anticipation of litigation" so as to be protected from discovery under Pa. R. C. P. 4011.

The Borough of Norristown is a municipal corporation having a complete and separate existence apart from the individuals whom it governs and who support it through taxation. The borough is bound to act in the interest of the public as a whole rather than for the benefit of individuals. In the instant case plaintiff is suing the public at large, and the result is that his interests and the public's interests are directly opposed. If we were to decide that an individual suing a municipal corporation could by the discovery devices obtain the "work product" of defendant, we would be requiring that the borough, too, prove plaintiff's case. The borough would have to investigate to determine if it were liable and then turn such information

over to any person who chose to sue. The practical effect would be that the borough would be unable to investigate and prepare a defense to an accident in which it might be involved for fear that a plaintiff would compel it to disclose that information.

The cases of Abel v. Philadelphia Suburban Transportation Company, 9 D. & C. 2d 737 (1956), and Parry v. City of Wilkes-Barre, 48 Luz. 145 (1958), are helpful in deciding that merely because public employes and facilities are employed in securing statements, measurements and other information this does not of itself give plaintiff as a member of the public the right to inspect or have access to them.

Plaintiff has emphasized the fact that the policeman acted in behalf of the borough in this matter. It makes little difference to our thinking whether policemen perform the investigating work or whether the borough hires investigators; each must be paid out of borough funds.

Plaintiff contends that since defendant, John J. Carlin, Jr., as an individual has the benefit of the borough's investigations and information derived from them, he should likewise be so entitled. This argument is specious. The interests of the borough and defendant, John J. Carlin, Jr., are identical. The benefit to John J. Carlin, Jr., is incidental to the main purpose of the borough's investigation which is to protect the borough's interest. The borough is a fictional entity. When the borough acts, it is not acting for itself as a selfish monster for its own gain, but is the composite of all the citizens who live in it, acting as champion of all. When it successfully defends a suit, it saves all the citizens the improper imposition of expense. It represents the general good of its citizens as distinguished from the individual's personal gain.

The second argument as to whether the investigations and documents were prepared in anticipation of

litigation poses the serious question for our consideration. Rule 4011 of the Pa. R. C. P. provides:

"Limitation of Scope of Discovery and Inspection:

"No discovery or inspection shall be permitted which . . . (d) would disclose the existence or location or reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses; . . ."

Plaintiff contends that the statements and measurements and photographs were prepared at the request of the Fire Committee of the Borough Council and defendant has failed to plead and prove that they were secured "in anticipation of litigation." Defendant replies that the statements of the witnesses, measurements and photographs are *presumed* to have been taken "in anticipation of litigation" and plaintiff has not sustained the burden of proving the contrary.

In Parry v. City of Wilkes-Barre, 48 Luz. 145 (1958), the court held that measurements made by the borough engineer as to the location of a fallen tree which caused property damage were presumed made in anticipation of litigation and thus were protected from discovery under Rule 4011(d). Routine reports may be examined but where parties are involved in an accident and one of them makes a special investigation which goes further than the investigation which the party would ordinarily conduct in the usual course of business, no discovery may be had as to the information obtained: Bradley v. Philadelphia Trans. Co., 87 D. & C. 548; Abel v. Philadelphia Suburban Transp. Co., 9 D. & C. 2d 737; Venito v. Pennsylvania Railroad Co., 10 Chester 237 (1960), and Parry v. City of Wilkes-Barre, 48 Luz. 145 (1958).

Plaintiff cites Minichino v. Borough of Quakertown, 88 D. & C. 83, 4 Bucks 15 (1954), and Williams v. Triangle Publications, 19 D. & C. 2d 226 (1959), for the proposition that a party who raises an objection to discovery under Rule 4011 has the burden of proving and showing that his objection is well founded. While this is valid as a general principle of law, neither of the cases cited involved section 4011(d). Prima facie Rule 4011(d) precludes discovery of statements of witnesses and other things assembled "in anticipation of litigation" and we conclude that plaintiff must overcome this presumption.

In Abel v. Philadelphia Suburban Transp. Co., supra, the court of Delaware County had before it a similar question. Therein a police officer was seriously injured in a collision between his motorcycle and another vehicle. The superintendent directed the police department to conduct an investigation of the accident during their regular tour of duty. As a result of this investigation, a police report was made, pictures of the accident scene were taken, a diagram of the accident scene was made, names of eye witnesses were secured and witnesses were interviewed and notes thereof made. In refusing to allow discovery as to the statements, the court said (page 739):

"We can take judicial notice of the fact that our police investigate automobile collisions. Although only required to assist motorists in filling out report forms for the Department of Revenue, Bureau of Motor Vehicles, some of our larger and better equipped departments, of which Upper Darby Township is one, often take pictures of the scene and secure the names of witnesses. However, it is not usual, or required, that the police make diagrams of the accident scene or interview witnesses and secure statements.

"It is apparent that, in this case, the police went further than usual and the only proper inference which

can be drawn is that a police officer had been injured and the police department was interested in protecting him and the taxpayers of the township. The natural conclusion from this is that the investigation was thus extended in contemplation of litigation and in preparation for trial."

This court is aware that the Supreme Court Rules of Civil Procedure relating to discovery should receive a liberal interpretation. However, to rule that plaintiff may obtain the work product of a defendant by discovery, as we would be doing if we compelled defendant to make available the statements of witnesses and the measurements of the police department, is an unfair extension of the rule. Permitting plaintiff to have names and addresses of witnesses enables him to interview the witnesses if he so wishes and may make identical measurements of the accident scene. Defendants are in possession of no unique information or knowledge which plaintiff cannot acquire by his own investigation.

Under our rules of discovery, a party is required to give information as to the identity or whereabouts of witnesses and we therefore direct that the Borough of Norristown disclose the names and addresses of all eyewitnesses to the accident. The reports, statements of witnesses, measurements and photographs were procured in anticipation of litigation and need not be divulged to the plaintiff.

### Order

And now, April 17, 1964, it is ordered and decreed that the statements of witnesses, measurements and photographs obtained by the Borough of Norristown shall not be produced for examination or copying by plaintiff, but the Borough of Norristown, on the other hand, is ordered to reveal to plaintiff or his counsel of record the names and addresses of all eye-witnesses to the accident.